IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CAPITAL YACHT CLUB** | * | |
| 1000 Water Street, SW. | * | |
| Washington, D.C. 20024 | * | |
|     Plaintiff | * | CIVIL ACTION NO. |
| v. | * | |
| **M/V AVIVA, OFFICIAL NO: 286274** | * | |
| Her Engines, Masts, Anchors, | * | |
| Cables, Chains, Rigging, Tackle, | * | |
| Apparel, Furniture, Dinghy and All | * | |
| The Necessaries Therewith | * | |
| Appertaining, | * | |
| | * | |
| IN REM, | * | |
|           and | * | |
| | * | |
| **BOND POSTED BY LARRY KILSTRIP** | * | |
| Pursuant to this Judge Urbina's Order in | * | |
| Case No: 1:04CV00357 Posted June 7, 2005 | * | |
| | * | |
| IN REM       and | * | |
| | * | |
| **LARRY A. KILSTRIP** | * | |
| 1880 S. Filbert Court | * | |
| Denver, Colorado 80222 | * | |
| | * | |
| and | * | |
| | * | |
| **VIVIAN M. KILSTRIP** | * | |
| 1400 Lionsridge Loop #5 | * | |
| P.O. Box 610 | * | |
| Vail, Colorado   81658 | * | |
| | * | |
| IN PERSONAM, | * | |
|     Defendants | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

VERIFIED COMPLAINT TO FORECLOSE
MARITIME LIEN FOR NECESSARIES

Capital Yacht Club ("CYC"), Plaintiff, by its undersigned attorneys, sues the Vessel M/V

AVIVA, Official No: 286274, her engines, masts, anchors, cables, chains, rigging, tackle,

apparel, furniture, 13 foot Boston Whaler dinghy with hull identification no: BWXJ48020483, all the necessaries therewith appertaining (hereinafter "AVIVA" or "vessel"), <u>in</u> <u>rem</u>, and the bond ordered by Judge Ricardo Urbina in case number 04-0357 (RMU) on May 16, 2005 in the amount of $26,812.50 filed with this court by defendants on or about June 7, 2005 (hereinafter "Bond"), <u>in rem</u>, and vessel owners Larry A. and Vivian M. Kilstrip (hereinafter the "Kilstrips"), <u>in personam</u>, and as grounds for its Verified Complaint states as follows:

## JURISDICTION

1. This is a case of admiralty jurisdiction as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction over this action pursuant to 46 U.S.C. §31342, 28 U.S.C. §1331, §1332 and 28 U.S.C. §1333, and Supp. Adm. Rule B(1).

## PARTIES

2. Plaintiff, CYC is a non-profit corporation, incorporated in Washington, D.C. It is authorized to, among other things, provide storage, dockage, fuel and other necessaries to vessels. CYC is composed of members who pay various dues and observe strict CYC By-laws. Management of CYC is by a Board of Directors. A true and correct copy of the CYC By-Laws are attached hereto as **EXHIBIT A**.

3. Defendant, Vessel AVIVA, Official Number 286274, is a 1959 55 foot Chris Craft Cruiser wooden vessel. It also has a 13 foot Boston Whaler, hull identification number BWXJ48020483, attached to it. At all times pertinent hereto according to the records of the United States Coast Guard, the Vessel AVIVA was owned entirely by Vivian KILSTRIP, defendant. <u>See</u> U.S. Coast Guard Abstract of Title issued February 26, 2004 and attached hereto as **EXHIBIT B**. This vessel cannot be found within this district.

4.      Defendant, a bond in the amount of $26,812.50 was posted on or about June 7, 2005 by defendants pursuant to an order of Judge Ricardo M. Urbina dated May 16, 2005 in case number 04-0357 (RMU), (hereinafter "Bond") and is currently held in this jurisdiction by the United States District Court for the District of Washington, D.C.

5.      Defendant, Vivian Kilstrip, is an individual and resident of the state of Colorado. She is the owner of the vessel M/V/ AVIVA according to the records of the U.S. Coast Guard attached hereto as **EXHIBIT B**.  Vivian KILSTRUP is not found within this district.

6.      Defendant, Larry Kilstrip, is an individual and resident of the state of Colorado. He is not found within this district.  Larry Kilstrip is at all times pertinent hereto the Master of the subject vessel with responsibilities for procuring necessaries therefor.  Larry Kilstrip brought the vessel to CYC where all necessaries which are the subject of this lawsuit were provided. Larry Kilstrip entered into a Membership Agreement and Dockage Agreement with CYC.  A true and correct copy of the Dockage Agreement is attached hereto as **EXHIBIT C**.

## FACTS

7.      On or about November 15, 1993, Larry Kilstrip entered into a Docking Agreement with CYC, under which CYC agreed to lease storage/docking space to Larry Kilstrip for the vessel AVIVA for the monthly amount of $260.00 or as raised from time to time by CYC. (See Docking Agreement, **EXHIBIT C**)

8.      At that time, Larry Kilstrip was a member of CYC and agreed to be bound by all membership by-laws.  (See CYC By-laws, **EXHIBIT A**)

9.      Members pay a membership fee and receive discounts on dockage for their vessels. Members are billed monthly for their dockage.  The By-laws state that if a member is late with a payment more than four (4) times within a year, their membership will be terminated

and any boat remaining at CYC shall be charged at the transient rate.[1]  The CYC transient rate is $1.25 times the length of the slip the vessel occupies, per day.

10. According to the records of CYC, Larry Kilstrip was late with his payments beginning in December 2002, January 2003 and February 2003, and May, 2003 and June, 2003. See CYC Summary of Late Payments, attached hereto as **EXHIBIT D**.

11. Various letters were sent to Larry Kilstrip to inform him of his default status and request that he cure all late payments and defaults.  When Larry Kilstrip was delinquent for the fourth time, CYC terminated his membership and informed him of the same by letter dated June 27, 2003, and January 21, 2004.  True and correct copies of the pertinent correspondence with Larry Kilstrip is attached hereto as **EXHIBIT E**.

12. On or about July 7, 2003, after Larry Kilstrip's membership was terminated for delinquency, his vessel remained at the CYC.  Pursuant to the terms of the Dockage Agreement and CYC Member By-Laws, CYC was entitled to charge a transient dockage rate for each day the vessel remained at CYC, which they did beginning July 7, 2003.

---

[1] 
>The By-laws read in pertinent part:
>> **Section 8. Delinquent Account Loss of Membership**
>> If payment is not made within sixty (60) days from the date of invoice the Member may be dropped from the Club roll....A Member whose account has been delinquent four (4) times during a twelve (12) month period shall be dropped from the Club roll unless a vote of two-thirds (2/3) of the Board of Directors grants an exception....
>
>> **Section 9. Remedies for Delinquent Accounts**
>> If a Member is dropped from the Club roll, any boat remaining at the Club in the name of that Member shall be billed at the transient rate.  If the Board deems necessary, the boat of a debtor shall be attached to satisfy the debt to the Club.  Any legal and/or collection fees associated with the collection of outstanding debts shall be borne by the debtor.

13.    At all times pertinent to this Complaint, CYC provided necessary dockage, electrical services and other services essential for the well being of the vessel AVIVA, in full compliance with the Agreements.[2]  All such services are considered necessaries within the federal maritime law.  Accordingly, CYC has a valid maritime lien for necessaries against the vessel AVIVA and its owner Vivian Kilstrip, as well as a pendent contract claim against its Master Larry Kilstrip for the necessaries and services provided to the vessel.

14.    By virtue of 46 U.S.C. §31342(a) and under paragraph 4 of the Dockage Agreement, CYC has a valid maritime lien against the Vessel AVIVA, her engines, masts, etc., in rem, and an in personam contractual claim against the Kilstrips for the unpaid costs of the necessary services provided which total $50,560.85, as of June 23, 2005 said amount including fees for electricity and services which were provided to the vessel until June 23, 2005, plus attorneys fees, court costs and costs of these proceedings including custodia legis expenses.  The transient dockage invoices and payment records of CYC are attached hereto and incorporated by reference herein as **EXHIBIT F**.  All amounts prayed for in this Complaint are specifically provided for by the Agreements, including transient rates, costs and attorneys fees, and are deemed part of CYC's maritime lien against the vessel.

15.   On or about March 5, 2004, plaintiff filed a Verified Complaint in Admiralty against the Vessel AVIVA and Larry and Vivian KILSTRUP.  The vessel was arrested and all Supp. Rule B and C  process and Rule 4 process completed and CYC was appointed substitute custodian of the vessel in place of the U.S. Marshal.

---

[2]  At one point, In January, 2003, CYC even rescued the AVIVA from sinking due to Larry Kilstrip's failure to properly maintain and winterize his vessel.  CYC charged no fees for these services.

16. On October 14, 2004 the court held a post arrest hearing at which plaintiff requested that defendant post a bond with the court pursuant to Supp. Rule E(5) so that the vessel could be released back to him to undergo some needed repairs. The court ordered that defendant post a bond in the amount of $40,000. Capital Yacht Club v. Vessel Aviva, No. 04-0357, Min. Order. (D.D. C. Oct. 14, 2004). Judge Ricardo Urbina ultimately lowered the required bond amount to $26,812.50. Capital Yacht Club v. Vessel Aviva, No. 04-0357, Mem. Op. (D.D. C. May 16, 2005). Defendants posted the required bond to this court on or about June 7, 2005. Capital Yacht Club v. Vessel Aviva, No. 04-0357, Notice (June 7, 2005).

17. In the interim, due to the arrest of the vessel AVIVA, plaintiffs were forced to pay court costs, deposits and fees to the U.S. Marshal pursuant to federal and admiralty rules, electricity for the vessel, and many legal fees in its efforts to collect the sums due and owing to it. As of June 23, 2005, plaintiffs had paid out over $90,347.49 in said fees. Pursuant to the contracts signed by Larry KILSTRUP, he is responsible for said fees if CYC is forced to sue him, as they were, for non-payment and/or a maritime lien. See Dockage Agreement, attached hereto as **EXHIBIT C**.

18. Because defendants had posted a Bond, the parties agreed to release the vessel AVIVA without furnishing additional security to the U.S. Marshal as required by Supp. Rule E. The vessel AVIVA was released on June 23, 2005. Capital Yacht Club v. Vessel Aviva, No. 04-0357, Joint Release and Order (June 23, 2005).

19. On January 19, 2006, Judge Urbina dismissed the case for lack of subject matter jurisdiction against all parties since the vessel was released. Capital Yacht Club v. Vessel Aviva, No. 04-0357, Mem. Op. (D.D. C. Jan. 19, 2006).

20. Judge Urbina ruled that the court no longer had any property of the defendants'

before it; however, the court failed to address the fact that it still had possession of defendants' Bond when it dismissed the action. Capital Yacht Club v. Vessel Aviva, No. 04-0357, Mem. Op. (D.D. C. Jan. 19, 2006).

**COUNT I**

**ACTION IN REM
AGAINST VESSEL AVIVA**

21.   CYC incorporates herein by reference the allegations contained in paragraphs 1 through 20 of this Amended Verified Complaint.

22.   By reason of the Kilstrip's failure to pay for the necessary services contracted for and received from CYC for the benefit of the vessel AVIVA, CYC is entitled to immediate foreclosure of its maritime lien on the Vessel AVIVA, Official Number 286274, and recovery of all sums due thereunder.

WHEREFORE, CYC demands judgment against Larry and Vivian Kilstrip, jointly and severally, and the Bond, and the Vessel AVIVA, Official Number 286274 as follows:

(A) That if the vessel be found within this district, that process in rem and a warrant of arrest be issued in due form of law in accordance with the practice of this Honorable Court in cases of admiralty and maritime jurisdiction against the Vessel AVIVA, Official Number 286274, her engines, masts, anchors, cables, chains, rigging, tackle, apparel, furniture, dinghy and all the necessaries therewith appertaining, with notice to all persons claiming an interest therein to appear in answer to this verified Complaint;

(B) That the maritime lien for necessaries on the Vessel AVIVA, Official Number 286274 be declared a valid and subsisting maritime lien upon the Vessel AVIVA, Official Number 286274, her engines, masts, anchors, cables, chains, rigging, tackle, apparel, furniture,

and all the necessaries therewith appertaining, prior and superior to the interests, liens, and claims of all persons or corporations whatsoever, except such persons or corporations as may hold preferred maritime liens on the Vessel AVIVA, Official Number 286274;

(C)  That this Honorable Court shall direct the manner in which the actual notice of the commencement of this suit shall be given by CYC to the Custodian of the Vessel AVIVA, Official Number 286274;

(D)  That the Vessel AVIVA, Official Number 286274, her engines, masts, anchors, cables, chains, rigging, tackle, apparel, furniture, dinghy and all the necessaries therewith appertaining, be condemned and sold by order of this Honorable Court and that CYC be paid forthwith from the proceeds of such sale any and all amounts required to be paid by Kilstrip under the Agreements, including, without limitation,$50,560.85, plus costs of all services to be provided to the vessel, plus custodia legis expenses, past and present attorneys fees and all costs of this proceeding;

(E)  That judgment be entered in favor of CYC against the Kilstrips, jointly and severally, $50,560.85, plus costs of all services to be provided to the vessel, plus custodia legis expenses, past and present attorneys fees and all costs of this proceeding;

(F)  That it be decreed that any and all persons or corporations claiming any interest in the Vessel AVIVA, Official Number 286274 arising prior to the sale are thereafter barred and foreclosed of and from all right, equity of redemption, and claim of, in, or to the Vessel AVIVA, Official Number 286274 and every part thereof, by reason of any such interest;

(G)  That CYC may have such other and further relief as the justice of its cause may require.

## COUNT II
## ACTION IN REM

**AGAINST KILSTRUP'S BOND**

23.   CYC incorporates herein by reference the allegations contained in paragraphs 1 through 22 of this Amended Verified Complaint.

24.   It is the belief of plaintiff that neither the vessel nor Larry or Vivian KILSTRUP are not located within this district, however, money belonging to Larry and Vivian KILSTRUP in the form of a bond for $26,812.50 is currently in the possession, custody and control of this court pursuant to an order of Judge Ricardo M. Urbina dated May 16, 2005 in case number 04-0357 (RMU).  Capital Yacht Club v. Vessel Aviva, No. 04-0357, Mem. Op. (D.D. C. May 16, 2005); Capital Yacht Club v. Vessel Aviva, No. 04-0357, Notice (June 7, 2005).

19.  By reason of the Kilstrip's failure to pay for the necessary services contracted for and received from CYC for the benefit of the vessel AVIVA,  CYC is entitled to immediate foreclosure of  its maritime lien and recovery of all sums due thereunder.  To secure jurisdiction for plaintiff's claim, plaintiff demands attachment and garnishment of the defendants' goods, chattels, credits or effects in the hands of this court and currently within the jurisdiction of this court, pursuant to Supp. Admiralty Rule B.

WHEREFORE, CYC demands judgment against Larry and Vivian KILSTRUP, jointly and severally,  and the bond for $26,812.50 as follows:

(A)  That process in rem and a warrant of arrest be issued in due form of law in accordance with the practice of this Honorable Court in cases of admiralty and maritime jurisdiction against the bond filed by KILSTRUP with this court in case number 04-0357 (RMU) in the amount of $26,812.50, with notice to all persons claiming an interest therein to appear in answer to this verified Complaint;

(B)  That the maritime lien for necessaries on the Vessel AVIVA, Official Number

286274 be declared a valid and subsisting maritime lien upon bond, said bond to act as a substitute for the Vessel AVIVA, Official Number 286274, her engines, masts, anchors, cables, chains, rigging, tackle, apparel, etc. in the event she is not located within this district during the pendency of this action;

(C) That by virtue of this court's in rem jurisdiction over the bond currently held by this court, that it also retain jurisdiction over the in personam defendants, Larry and Vivian KILSTRUP as provided for by the Supplemental Rules For Certain Admiralty and Maritime Claims and all federal statutes pertaining to admiralty and maritime actions; and

(D) That judgment be entered in favor of CYC against the Kilstrups, jointly and severally, $50,560.85, plus costs of all services to be provided to the vessel, plus custodia legis expenses, past and present attorneys fees and all costs of this proceeding;

(E) That CYC may have such other and further relief as the justice of its cause may require.

## COUNT III
## ACTION IN PERSONAM

25. CYC incorporates herein by reference the allegations contained in paragraphs 1 through 24 of this Verified Complaint.

26. By reason of Vivian Kilstrip's ownership of the vessel and Larry Kilstrip's authority to enter in to Agreements with CYC for the necessary services provided to the vessel AVIVA by CYC, and the fact that the vessel has received such services pursuant to Agreements which were necessary to her safekeeping and condition but the Kilstrips have failed to pay for such services, the Kilstrips are indebted to CYC , jointly and severally, $50,560.85, plus costs of all services to be provided to the vessel, plus custodia legis expenses, past and present attorneys

fees and all costs of this proceeding.

   WHEREFORE, CYC demands judgment against Vivian Kilstrip as owner of the vessel AVIVA, Official Number 286274 and Larry Kilstrip as Master of the vessel AVIVA, Official Number 286274, <u>in personam</u>, jointly and severally, $50,560.85, plus costs of all services to be provided to the vessel, plus custodia legis expenses, past and present attorneys fees and all costs of this proceeding; plus costs of all services to be provided to the vessel if attached during this proceeding, plus attorneys fees and all costs of this proceeding; plus such other and further relief as the justice of its cause may require.

               _____
               Lisa Petti Ellis, Esq. Federal Bar No: MD08307
               Law Office of Lisa Petti Ellis
               3009 Greenhaven Court Suite 100
               Ellicott City, Maryland  21042
               (410) 461-7373 - Office
               (410) 461-3232 - Fax

               Attorney for Plaintiff

# VERIFICATION BY DECLARATION UNDER PENALTY OF PERJURY
## PURSUANT TO 28 U.S.C. § 1746

I, LISA PETTI ELLIS, declare under penalty of perjury as follows:

1. I am over eighteen (18) years of age and have personal knowledge of and am competent to testify to the facts contained in this Declaration.

2. I am the attorney for Capital Yacht Club (hereafter "CYC"). I am familiar with the books and records of CYC for the account of Larry Kilstrip referred to in the foregoing Verified Complaint to Foreclose Maritime Lien For Necessaries.

3. I have read the foregoing Verified Complaint to Foreclose Maritime Lien For Necessaries, and it is true and accurate to the best of my personal knowledge, information and belief as well as my review of the documents held by CYC for the account of the Vessel AVIVA and Larry KILSTRUP.

4. It is my belief based on various phone calls and investigation and to the whereabouts of the defendants that the vessel AVIVA is no longer located in the District of Columbia, and the defendants, Larry and Vivian KILSTRUP are residents of Colorado and not located within this district.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED THIS 21st DAY OF February 2006, at Ellicott City, Maryland

_____
Lisa P. Ellis            February 21, 2006
Lisa Petti Ellis, Esq. Federal Bar No: MD08307
Law Office of Lisa Petti Ellis
3009 Greenhaven Court Suite 100
Ellicott City, Maryland  21042
(410) 461-7373 - Office (410) 461-3232 - Fax
Attorney for Plaintiff

## CERTIFICATION OF EXIGENT CIRCUMSTANCES
## PURSUANT TO SUPP. ADM. RULE B(1)

I, LISA PETTI ELLIS, declare under penalty of perjury as follows:

1. I am over eighteen (18) years of age and have personal knowledge of and am competent to testify to the facts contained in this Certification.

2. I am the attorney for Capital Yacht Club (hereafter "CYC"). I am familiar with the foregoing Verified Complaint to Foreclose Maritime Lien For Necessaries.

3. On February 10, 2006, the attorney for defendants in the case Capital Yacht Club v. Vessel Aviva, No. 04-0357, filed a motion seeking the release of the bond filed in that case and requested that the funds be given to defendants.

4. Plaintiff filed an opposition on February 21, 2006 but fears the court may rule at any time on the motion and could ultimate release the bond to defendants in which case plaintiff would have no property in the district with which to satisfy it maritime lien for necessities.

5. As the attorney for plaintiff I believe that exigent circumstances exist which warrant an immediate seizure of the bond funds posted in Capital Yacht Club v. Vessel Aviva, No. 04-0357 without prior review or hearing by the court.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED THIS 21st DAY OF February 2006, at Ellicott City, Maryland

_____
Lisa P. Ellis            February 21, 2006
Lisa Petti Ellis, Esq. Federal Bar No: MD08307
Law Office of Lisa Petti Ellis
3009 Greenhaven Court Suite 100
Ellicott City, Maryland  21042
(410) 461-7373 - Office
(410) 461-3232 - Fax
Attorney for Plaintiff